# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIDA SUAREZ HERNANDEZ, | Case No. 1:17-cv-00483-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | (Doc. 1) |

## I. INTRODUCTION

On April 5, 2017, Plaintiff Armida Suarez Hernandez ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

///

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 7, 9.)

## II. BACKGROUND

**A. Procedural History**

On September 30, 2013, Plaintiff filed a claim for DIB payments, alleging she became disabled on May 30, 2013, due to psoriatic arthritis, carpal tunnel, back pain, dermatitis, ankle fasciitis, psoriasis, depression, neck and shoulder pain, pain in legs, feet, hands, fingers, and knees, high blood pressure, and lumbar radiculopathy. (Administrative Record ("AR") 14, 166–67, 68, 83, 198.) Plaintiff was born on August 12, 1961, and was 52 years old on the date last insured. (AR 23, 36, 68, 83.) Plaintiff has a college degree and worked as a clinical social worker from September 2005 to May 2013. (AR 38–42, 79, 94–95, 200.) Prior to that, Plaintiff worked as an immigration counselor, an immigration research analysis, and a union organizer. (AR 38–42, 79, 94–95, 200)

The Commissioner denied Plaintiff's application for benefits initially on January 30, 2014, and again on reconsideration on May 7, 2014. (AR 98–101, 108–113.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 114–22.) On March 2, 2016, Plaintiff appeared without counsel and testified before an ALJ as to her alleged disabling conditions.[2] (AR 34–56.) A vocational expert ("VE") also testified at the hearing. (AR 51–64.) Plaintiff testified that she hurt her lower back, hands, neck, and knees during a fall down a flight of stairs on November 20, 2012, and now suffers constant and worsening pain in those areas. (AR 38, 43–44.) The pain limited her ability to walk, stand, and sit comfortably. (AR 44, 47.)

On April 27, 2016, the ALJ issued a decision finding Plaintiff not disabled, as defined by the Act. (AR 11–24.) Plaintiff sought review of this decision before the Appeals Council on May 18, 2016. (AR 8–10.) On December 17, 2016, Plaintiff submitted post-decision evidence to the Appeals Council. (*See* Doc. 14, Ex A.) The evidence consisted of a "Represented Panel Qualified Medical Evaluation" report dated December 5, 2016, from Scott Graham, M.D. (*See*

---

[2] Plaintiff's appointed representative was in an automobile accident the weekend before the hearing and did not appear. (AR 31–32.) Although the ALJ offered a postponement so Plaintiff could appear with her representative at a later date or obtain new counsel, Plaintiff declined and voluntarily waived her right to representation at the hearing. (AR 33–34, 164.)

*id.*)

On February 2, 2017, the Appeals Council denied the request for review (AR 1–4), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.981. The "Notice of Appeals Council Action" denying review made no mention of Dr. Graham's report. (*See* AR 1–4.)

**B.    The ALJ's Decision**

The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 26–31.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of May 30, 2013, through her date last insured of September 30, 2013 (step 1). (AR 16.) The ALJ found that Plaintiff had the severe impairments of obesity, osteoarthritis, lumbar spine facet arthropathy, bilateral L5 radiculopathy, heel spur syndrome, plantar fasciitis, bilateral shoulder impingement syndrome, and carpal tunnel syndrome (step 2). (AR 16.) However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step 3). (AR 17–18.) The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[3] and applied the RFC assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").

The ALJ determined that Plaintiff retained the RFC:

> to perform a range of light work. She could lift and carry up to 20 pounds occasionally and ten pounds frequently. She was able to stand and/or walk up to six hours and sit for six hours over the course of an eight-hour workday. She could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. She was unable to climb ladders, ropes, or scaffolds. She could not perform repetitive pushing or pulling. She could frequently handle, finger, and grasp bilaterally. She could not grip or

---

[3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

| | |
|---|---|
| 1 | grasp with more than 25 pounds of force. She required the freedom to alternate position every 20 minutes in order to briefly stretch for up to 60 seconds. |
| 2 | |

3 (AR 18.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be
4 expected to cause the alleged symptoms[,]" she rejected Plaintiff's subjective testimony as "not
5 entirely consistent with the medical evidence and other evidence in the record." (AR 21.)

6       On the basis of this RFC assessment, the ALJ found that Plaintiff was able to perform her
7 past relevant work as a psychiatric social worker and a social services aide (step four). (AR 22–
8 23.) The ALJ also made the alternative finding at step five that Plaintiff retained the capacity to
9 perform other work that existed in sufficient numbers in the national economy. (AR 23–24.) In
10 making these determinations, the ALJ posed a series of hypothetical questions to the VE based
11 upon Plaintiff's RFC. (AR 23–24, 57–60.) In response, the VE testified that a person with the
12 specified RFC could perform Plaintiff's past work, as well as occupations such as cashier II,
13 cafeteria attendant, and sales attendant. (AR 23–24, 57–60.)

### III.     STANDARD OF REVIEW

15       The ALJ's decision denying benefits "will be disturbed only if that decision is not
16 supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599,
17 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its
18 judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996).
19 Instead, the Court must determine whether the Commissioner applied the proper legal standards
20 and whether substantial evidence exists in the record to support the Commissioner's findings.
21 *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence is more than a
22 mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198
23 (9th Cir. 2008). "Substantial evidence" means "such relevant evidence as a reasonable mind
24 might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401
25 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court
26 "must consider the entire record as a whole, weighing both the evidence that supports and the
27 evidence that detracts from the Commissioner's conclusion, and may not affirm simply by
28 isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028,

1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

**IV.     DISCUSSION**

**A.     The Appeals Council Improperly Neglected to Consider the Additional Evidence.**

Plaintiff contends first that the Appeals Council erred by failing to "adequately or appropriately" consider evidence from Dr. Graham that Plaintiff submitted in support of her request for review. (Doc. 14 at 5–9.) Plaintiff submitted a "Represented Panel Qualified Medical Evaluation" report by Dr. Graham dated December 5, 2016. (*Id.* Ex. A.) Dr. Graham performed a physical evaluation focused on Plaintiff's right ankle, right knee, bilateral wrists, hands, and fingers, and low back. (*Id.* Ex. A. at 2.) The report included a history, physical examination, and records review. (*Id.* Ex A.) Based on this evaluation, Dr. Graham opined that, with a reasonable degree of medical probability, Plaintiff's lumbar spine and wrist conditions were the result of cumulative trauma from a May 30, 2012 injury, while her right ankle and knee condition were the result of her November 20, 2012 fall. (*Id.* Ex. A at 20.) Dr. Graham's conclusion was that, as a result of Plaintiff's four-year-old condition, she "is unable to return to gainful employment and as such is considered permanently disabled." *(Id.* Ex. A. at 22.)

On December 17, 2016, Plaintiff submitted Dr. Graham's report to the Appeals Council, which was then considering her request for review.[4] (*Id.* Ex. A. at 1; AR 8–10.) The Appeals Council denied Plaintiff's request for review on February 2, 2017. (AR 1–4.) Plaintiff asserts that although the Appeals Council "accepted [Dr. Graham's report] into the record," it "did not specifically address the [report], nor did it provide any explanation as to why it had found that [the report] was not 'new and material,'" and therefore the Council "failed to adequately or

---

[4] In Plaintiff's opening brief, Plaintiff's counsel represents that he personally "obtained and submitted the evidence in question" and attaches a copy of a facsimile cover page appearing to indicate transmission of Dr. Graham's report to the Appeals Council via facsimile on December 17, 2016. (*See* Doc. 14 at 6 n.3 and Ex. A.) There is no indication, either on the cover page or the report, that the document was *actually* transmitted (*e.g.*, there is no document generated by the fax machine indicating that the report was successfully sent). Without a proper declaration or other indicia that Dr. Graham's report was sent to the Appeals Council, however, Plaintiff's factual assertion is devoid of evidentiary support. Nonetheless, the Court accords Plaintiff the benefit of the doubt and accepts counsel's representation that he in fact sent Dr. Graham's report to the Appeals Council via facsimile on December 17, 2016. *See* Fed. R. Civ. P. 11(b)(3) ( "By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (3) the factual contentions have evidentiary support . . . ."). However, counsel is cautioned that future submissions to this Court must include the requisite evidentiary support for factual contentions.

appropriately consider the [report]." (Doc. 14 at 6.) The Commissioner's regulations provide that "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R § 404.970(b). S*ee Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 n.3 (9th Cir. 2012). The Ninth Circuit has interpreted this regulation to include medical evaluations made after the date of the ALJ's decision where they concern the claimant's condition during the time period before the ALJ's decision. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (finding that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.") (quoting *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996)).

Although both parties seem to presume that the Appeals Council reviewed, and rejected, Dr. Graham's report (*see* Doc. 14 at 6–8; Doc. 15 at 5), it appears that the report was not reviewed by the Council *at all*. There is no mention of Dr. Graham's report in the "Notice of Appeals Council Action" denying review. (*See* AR 1–4.) Dr. Graham's report was neither "accepted" into the administrative record, as Plaintiff asserts (*see* Doc. 14 at 6), nor "exclude[d] from the record, as the Commissioner advances (*see* Doc. 15 at 5), as there is no indication in the record that the Appeals Council sent Plaintiff a notice explaining why it did not accept Dr. Graham's report. *See* 20 C.F.R. § 404.970(c). As such, the Appeals Council did not deny review or consideration of Dr. Graham's report; rather, it was silent. The question before the Court, therefore, is whether under 20 C.F.R. § 404.970(b) the Appeals Council *should have* considered Dr. Graham's report. If so, remand to the ALJ is appropriate so that the ALJ can reconsider her decision in light of Dr. Graham's report. *See Taylor*, 659 F.3d at 1232.

It uncontroverted that Dr. Graham's report is "new" evidence. Dr. Graham's report is also "material." Evidence is material for purposes of § 404.970(b) if there is a "reasonable possibility that it would have changed the outcome of the ALJ's determination."[5] *See Alvarado v. Astrue*, No. CV 07-5793-JTL, 2008 WL 2266309, at *4 (C.D. Cal. May 30, 2008) (citation

---

[5] Plaintiff's reliance on the Commissioner's Hearings and Appeals Litigation Manual ("HALLEX") for the definitions of "new" and "material" under § 404.970(b) is unavailing. HALLEX does not "carry the force of law and [is] not binding upon the [Social Security Administration]." *Parra v. Astrue*, 481 F.3d 742, 749 (9th Cir. 2007).

omitted). Here, Dr. Graham, an examining physician, concluded that, considering Plaintiff's impairments dating back to 2012, she would be "unable to return to gainful employment." (*Id.* Ex. A at 20, 22.) Had the ALJ received Dr. Graham's report, she might have given this new evidence greater weight than the opinions of the non-examining physicians on which she relied in determining Plaintiff's RFC, as Dr. Graham's assessment was based on a more complete medical record than was before the state agency medical consultants in January and May 2014, respectively.[6] *See* 20 C.F.R. § 404.1527. (*See also* Doc. 14 Ex. A at 31–35 (review of medical records from March 7, 2014, to August 23, 2016).)

Finally, Dr. Graham's report relates to the period of time on or before the date of the ALJ's decision. Although Dr. Graham's report was dated after the ALJ's decision, Dr. Graham indicated that he was able to infer that Plaintiff's low back and wrist impairments, and her right ankle and right knee impairments, dated back to May 30, 2012, and November 20, 2012, respectively, *see id.* Ex. A at 20. *See Taylor*, 659 F.3d at 1232; *Crawford v. Colvin*, No. ED CV 15-1436-PLA, 2016 WL 1237342, at *7 (C.D. Cal. Mar. 28, 2016) (finding that post-decision medical opinions "'relate to' the time period considered by the ALJ because they report on the same conditions plaintiff claimed as the bases of her disability and that the ALJ found to be severe impairments"); *Ward v. Colvin*, No. 2:13–cv–1390–EFB, 2014 WL 4925274, at *3 (E.D. Cal. Sept. 30, 2014); *Mancillas v. Colvin*, No. 5:13–CV–02522–PSG, 2014 WL 2918897, at *4 (N.D. Cal. June 26, 2014). Plaintiff has therefore established the requisite temporal relevance

---

[6] The Commissioner criticizes Dr. Graham's evaluation because it was "made it in the context of a worker's compensation claim, which involves different criteria than the Act" and regards the "ultimate issue of disability," which is "reserved exclusively for the ALJ." (Doc. 15 at 6.) Such criticisms do not negate the "reasonable possibility" that Dr. Graham's report would have changed the outcome of the ALJ's determination, as neither is a permissible reason for the ALJ to reject the report. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Because the Appeals Council failed to consider Dr. Graham's report, this Court can do no more than speculate, beyond a "reasonable possibility," about how the report might or might not have affected the ultimate nondisability determination, other than to note that it is not clear that the failure to consider Dr. Graham's report was inconsequential to the ultimate nondisability determination. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("This silent disregard thus leaves us . . . with nothing to review to determine whether the error materially impacted the ALJ's ultimate decision."). Accordingly, the error was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

7

under § 404.970(b).[7]

In response, the Commissioner cites to *Brewes*, 682 F.3d at 1159–60, and *Taylor*, 659 F.3d at 1231, for the proposition that federal courts cannot review an Appeals Council's denial of a request to review an ALJ's decision, because the Appeals Council's decisions are not final agency actions. (*See* Doc. 15 at 5–6.) The Commissioner misunderstands Plaintiff's argument. Plaintiff, like the plaintiff in *Taylor*, is not "arguing that the Appeals Council's decision to deny [her] request for review should be reversed." 659 F.3d at 1231. Rather, Plaintiff is contending that Dr. Graham's report was improperly rejected by the Appeals Council and, as such, remand is appropriate under *Taylor*.

The Commissioner further asserts that when considering Dr. Graham's report, the ALJ's decision is still supported by substantial evidence. (*See* Doc. 15 at 6–8.) This argument also misses the mark. Plaintiff is not contending that, because the Appeals Council improperly failed to consider the Dr. Graham's report, it should be included in the administrative record for consideration by this Court as to whether the ALJ's decision remains supported by substantial evidence, pursuant to *Brewes*, 682 F.3d at 1163.[8] Instead, Plaintiff's argument, with which the Court agrees, is that because Dr. Graham's report is "new," "relates to the period of time on or before the date of the ALJ hearing decision," and there is a "*reasonable possibility*" that the report would have changed the outcome of the ALJ's determination"—not that it *would* or *would not* have changed the outcome—it should therefore have been considered by the Appeals Council.

This case falls squarely within the factual situation discussed in *Taylor*. In that case, the

---

[7] Other than pointing out that Dr. Graham's report was obtained four months after the ALJ's decision (*see* Doc. 15 at 5), the Commissioner does not appear genuinely to dispute that Dr. Graham's report is temporally material under § 404.970(b), *i.e.*, that it concerns Plaintiff's condition during the time period before the ALJ's decision. As set forth more fully herein, *see infra*, whether Dr. Graham's opinion that Plaintiff's condition dates back to 2012 "invalidates the ALJ's decision" (*see* Doc. 15 at 6–7) is not the relevant inquiry at this stage of the proceedings.

[8] *Brewes* is wholly inapplicable here. In *Brewes*, the Ninth Circuit explicitly held "that when a claimant submits evidence for the first time to the Appeals Council, *which considers that evidence in denying review of the ALJ's decision*, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159–60 (emphasis added). Here, the Appeals Council neither reviewed nor considered Dr. Graham's report and consequently it was not made part of the administrative record. *See, e.g., Ward*, 2014 WL 4925274, at *3; *Mancillas*, 2014 WL 2918897, at *5; *Morton v. Colvin*, NO: 2:15-CV-34-RMP, 2016 WL 1089264, at *5 (E.D. Wash. Mar. 18, 2016).

8

plaintiff submitted to the Appeals Council a psychiatric evaluation and medical source statement, which were not considered by the ALJ. *Taylor*, 659 F.3d at 1231. Both pieces of evidence were dated after the relevant time period, but the content therein related to the relevant period. *Id.* Thus, they contained relevant medical information. Yet, the Appeals Council did not consider the evidence, either because it was misplaced or because it erroneously concluded that it pertained to a later time period.[9] *Id.* at 1232–33. The Ninth Circuit found that since the assessments concerned the plaintiff's limitations during the relevant period, they should have been considered by the Appeals Council. *Id.* at 1233. It ultimately remanded the case, holding that "where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Id.* (citing 20 C.F.R. § 404.970(b)).

Here, in denying Plaintiff's appeal, the Appeals Council neglected to look at, much less consider, Dr. Graham's report, despite the requirements of § 404.970(b). As already discussed, Dr. Graham's report was new, material, and relevant to the time period at issue before ALJ; thus, the Appeals Council was required to consider it. It did not do so, and accordingly, the Court remands the matter to the ALJ for consideration of this evidence.[10] *Taylor*, 659 F.3d at 1233; *Powell v. Colvin,* No. 6:14-cv-01900-SI, 2016 WL 706199, at *5 (D. Or. Feb. 22, 2016) (finding that under *Taylor*, remand was appropriate where the Appeals Council failed to consider a psychological evaluation completed after the ALJ's decision by a physician who opined that the plaintiff's mental limitations existed at the present level dating back to prior to the ALJ's decision). *See also Jones v. Colvin,* No. 6:15–cv–00905-SB, 2016 WL 6584929, at *3 (D. Or.

---

[9] In *Taylor*, as here, the Appeals Council failed to acknowledge—at all—new evidence submitted to the Council in support of the claimant's request for review. *See* 659 F.3d at 1232–33.

[10] Plaintiff asserts she had "good cause" for having failed to produce Dr. Graham's report earlier, citing both HALLEX and 42 U.S.C. § 405(g). (Doc. 14 at 6 n.3, 8.) The Commissioner makes no argument in opposition. As set forth above, HALLEX is not binding authority. *See* Section IV.A. n.5, *supra*. Moreover, there is no requirement that Plaintiff show good cause under sentence six of 42 U.S.C. § 405(g) in these circumstances, as her evidence was (or should have been) properly before the Appeals Council pursuant to 20 C.F.R. § 404.970(b). *See Taylor* 659 F.3d at 1233 (finding remand to the ALJ was appropriate under 20 C.F.R. § 404.970(b) without discussing the good cause and materiality requirements of a sentence six remand under 42 U.S.C. § 405(g)) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993) (holding that "[t]he Secretary's findings must be reversed if they are tainted by legal error")); *Powell*, 2016 WL 706199, at *5. *See also Ward*, 2014 WL 4925274, at * 4 (remanding under Taylor for the ALJ to consider new evidence improperly rejected by the Appeals Council without undertaking a sentence six analysis); *Mancillas*, 2014 WL 2918897, at *4 (same).

Sept. 30, 2016); *Ward,* 2014 WL 4925274, at *3 (remanding where "the Appeals Council refused to consider the [additional evidence] based on its mistaken conclusion that it only pertained to a later period that was not relevant"); *Mancillas*, 2014 WL 2918897, at *4 (finding that Appeals Council erred by refusing to consider psychiatric evaluation and medical source statement that post-dated ALJ decision but were based on treatment rendered prior to ALJ decision). *Cf. Ruth v. Berryhill,* No. 1:16–CV–0872–PK, 2017 WL 4855400, at *10 (D. Or. Oct. 26, 2017) (distinguishing *Taylor* on grounds that "it was it was the Appeals Council's total failure to acknowledge the new evidence in accordance with the relevant regulations —*i.e*., neglecting to either look at or consider the new evidence—that made remanding appropriate 'so that the ALJ [could] reconsider its decision in light of the additional evidence.'").

**B.     The Court Declines to Determine Plaintiff's Remaining Assertions of Error.**

As the Court finds that, under *Taylor*, remand is appropriate for the ALJ to consider how the evidence from Dr. Graham could affect each step of the sequential analysis, including any relevant credibility findings, the Court need not address Plaintiff's allegations of error concerning the ALJ's RFC assessment and finding regarding Plaintiff's credibility. *See Taylor*, 659 F.3d at 1235 ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). *See also Ward*, 2014 WL 4925274, at *4 n.3 ("As the matter must be remanded for further consideration [under *Taylor*], the court declines to address plaintiff's remaining arguments.").

The Court will, however, briefly discuss the ALJ's consideration—or lack thereof—of Plaintiff's treating source statements from Reynaldo Y. Garcia, M.D., dated August 8, 2014, and December 1, 2015, respectively. (AR 872–73.) The record shows Dr. Garcia treated Plaintiff beginning in October 2013. (AR 873.) He opined that Plaintiff "can hardly walk without using a cane for balance and transfer" due to severe generative disk disease of the spine, osteoarthritis of the hips and knee joints, plantar fasciitis, and heel spurs. (AR 873. *See also* AR 872.) Dr. Garcia also opined that objective testing, specifically an MRI performed June 9, 2014, "clearly

supports [Plaintiff's] complaints and symptoms." (AR 872.) Based on his physical assessment, Dr. Garcia considered Plaintiff "permanently disabled." (AR 873.)

The ALJ's decision did not mention Dr. Garcia's opinions regarding his treatment of Plaintiff, despite having left the record open for ten days following the hearing so that Plaintiff could submit Dr. Garcia's statements. (*See* AR 34, 64–65.) The ALJ is required to "evaluate every medical opinion it receives," 20 C.F.R. § 404.1527(c); but the ALJ did not discuss and apparently did not consider the opinions rendered by Dr. Garcia. And yet, Dr. Garcia is a treating source—his opinions should be given "controlling weight" if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." *Id.* § 404.1527(c)(2). Even if the ALJ found that they did not meet that standard, she should have deferred to those opinions unless there were "clear and convincing reasons supported by substantial evidence" to disregard them. *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). If Dr. Garcia's opinions were contradicted by another doctor—and the ALJ did not indicate that this was so—then she still must consider them unless she provides "specific and legitimate reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007) (quoting *Reddick*, 157 F.3d at 725).

The Commissioner acknowledges that the ALJ did not address Dr. Garcia's opinions, but contends that such error was harmless because the opinion that Plaintiff can "hardly walk" without using a cane is "not a concrete functional limitation sufficient for inclusion in an RFC" assessment, and the opinion that Plaintiff is "permanently disabled" is "exclusively reserved for the ALJ." (Doc. 15 at 10–11.) At least one court in this Circuit recently has found, contrary to the Commissioner's position, that a medical opinion that a claimant "c[ould] barely walk" could suggest a greater limitation that an RFC's finding that the claimant could stand and/or walk four hours, and remanded on that basis. *See Gonzalez v. Comm'r of SSA*, No. 16-cv-05310-KAW, 2018 WL 1426655, at *6–7 (N.D. Cal. Mar. 22, 2018). Furthermore, it is well-established that "an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability." *Ghanim*, 763 F.3d at 1161.

11

However, because the Court has concluded that it must remand the case for consideration of the new evidence from Dr. Graham concerning Plaintiff's limitations, the Court does not further consider whether the ALJ's error in silently disregarding Dr. Garcia's opinions was harmless. On remand, the ALJ is directed to specifically address Dr. Garcia's opinions and determine what weight to give each. Because Dr. Garcia was a treating source, his opinion is entitled to deference. If the ALJ seeks to reject Dr. Garcia's opinions, she must set out a "detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] [her] interpretation thereof, and mak[e] findings." *Orn*, 495 F.3d at 632 (quoting *Reddick*, 157 F.3d at 725).

## V.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case is REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Armida Suarez Hernandez and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **April 30, 2018**                             /s/ *Sheila K. Oberto*
                                                                                UNITED STATES MAGISTRATE JUDGE